UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X

OKSANA KOROLYSHYN, Individually and on behalf
of all others similarly situated,
as Class/Collective representative,

                      Plaintiff,                    COLLECTIVE
                                          AND CLASS ACTION
  -against-                        COMPLAINT
                                            <u>AND JURY DEMAND</u>

KLEINFELD, KLEINFELD BRIDAL CORP.,
KBC HOLDING LLC,

                      Defendants.

-----------------------------------------------------------------X

Oksana Korolyshyn ("Plaintiff" or "Korolyshyn"), on behalf of herself and all others similarly situated by and through her attorneys, Tully Rinckey PLLC, as and for her Complaint against Kleinfeld, Kleinfeld Bridal Corp, KBC Holding LLC, hereinafter ("Defendants" or "Kleinfeld"), alleges upon knowledge as to herself and her own actions and upon information and belief as to all other matters as follows:

<u>NATURE OF THE CASE</u>

1.      Plaintiff contends that Defendants violated the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.* ("FLSA") by knowingly requiring, suffering or permitting Plaintiff and other similarly situated members of the putative FLSA Collective ("Collective Members") to work more than forty (40) hours per week without properly paying them overtime wages.

2.      Plaintiff also brings this action on behalf of herself and all other similarly situated non-exempt, hourly paid employees at Kleinfeld ("Class Members") as a class action under Federal Rule of Civil Procedure 23 to remedy violations of New York State's Labor Law,

including, as follows: (i) overtime provisions of the New York Labor Law ("N.Y. Lab. Law "), N.Y. Lab. Law § 160 *et seq.*; (ii) the supporting regulations found in the New York Codes, Rules and Regulations ("NYCRR") Title 12, § 142-2.2; (iii) the requirement that employers pay wages to employees in accordance with the agreed terms of employment pursuant to N.Y. Lab. Law §§ 190, 191, and 663(1); (iv) the requirement that employers furnish employees with wage statements on each payday containing specific categories of accurate information under the N.Y. Lab. Law § 195(3); (v) the requirement from 2011 through 2014 under the New York State Wage Theft Prevention Act that employers furnish employees with wage notices annually and, as still in effect as of the date of this filing, at the time of hire containing specific categories of accurate information under the N.Y. Lab. Law § 195(1)(a); and (vi) any other claim(s) that can be inferred from the facts set forth herein.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction of this action under 29 U.S.C. § 216(b)(FLSA actions "may be maintained against any employer . . . in any Federal or State court of competent jurisdiction"), under 28 U.S.C. § 1331 (federal question jurisdiction) because Plaintiff pleads a claim under the FLSA, under 28 U.S.C. § 1332(a)(1), because the matter in controversy exceeds $75,000.00, exclusive of interests and costs, and the Parties are residents of different states.

4.      This Court has jurisdiction over Plaintiff's N.Y. Lab. Law and other New York State law claims pursuant to 28 US.C. § 1367 (supplemental jurisdiction).

5.      This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 - 2202.

6.      Plaintiff also brings this lawsuit as a class action pursuant to Federal Rule of Civil Procedure 23, on behalf of herself and all other persons similarly situated during the applicable

N.Y. Lab. Law limitations period who suffered damages as a result of the Defendant's violations of the N.Y. Lab. Law and the supporting New York State Department of Labor regulations.

7.     Venue is appropriate in this District under 28 U.S.C. § 1391(b), because Kleinfeld resides in, and does business within, this District.

8.     Plaintiff also brings this lawsuit as a class action pursuant to Federal Rule of Civil Procedure 23, on behalf of herself and all other persons similarly situated during the applicable N.Y. Lab. Law limitations period who suffered damages as a result of the Defendant's violations of the N.Y. Lab. Law and the supporting New York State Department of Labor regulations.

## PRELIMINARY STATEMENT

9.     This is a case where Korolyshyn, and all those similarly situated to her, worked in excess of forty (40) hours per week, and Kleinfeld failed to pay Korolyshyn and all others similarly situated the required overtime rate of one and one-half times their standard rate of pay for all hours worked per week in excess of forty (40).

## PARTIES

*Plaintiff Korolyshyn*

10.     At all relevant times herein, Korolyshyn is and was a citizen of Jersey City in the State of New Jersey.

11.     From approximately May 2016 until November 2018, Korolyshyn worked for Kleinfeld as a non-exempt, hourly paid "employee" as defined by the FLSA under 29 U.S.C. § 203(e)(1).

12.     Korolyshyn was hired, classified as a W-2 employee and paid by Kleinfeld.

13.     Kleinfeld reported Korolyshyn's wage information on an IRS Form W-2.

14.     Korolyshyn was assigned to work at Kleinfeld's New York City location, where she had an assigned work area and reported directly to a Kleinfeld manager.

15.     Kleinfeld required that Korolyshyn work at Kleinfeld's premises

16.     Kleinfeld supervised and controlled Korolyshyn's work schedule, by, for example, assigning the tasks and work that Korolyshyn performed and determining the hours that Korolyshyn worked.

17.     Kleinfeld required that Korolyshyn follow Kleinfeld's rules, policies, and directives.

18.     Upon information and belief, Kleinfeld maintained Korolyshyn's employment records.

19.     Kleinfeld had the power to fire Korolyshyn.

20.     Per Kleinfeld's directives, Korolyshyn was required to and did work more than forty (40) hours per week.

21.     Kleinfeld required that Korolyshyn use Kleinfeld materials and equipment to perform her work.

22.     Kleinfeld, and its managers and supervisors, solely managed Korolyshyn's work.

23.     Korolyshyn's seamstress work was a discrete job of a type that was integral to Kleinfeld's business.

*Defendant Kleinfeld*

24.     At all relevant times herein, Kleinfeld Bridal Corp., New York Department of State Identification number 2400834, is a Domestic Business Corporation registered in New York with its principal place of business located at 110 West 20th Street, New York, New York 10011. Kleinfeld provides services throughout this District and nationwide.

25.     At all relevant times herein, Kleinfeld Bridal Corp., New York Department of State Identification number 23891050, is a Delaware corporation registered as a Foreign Business Corporation in the State of New York, with its principal place of business located at 110 West 20th Street, New York, New York 10011.

26.     At all relevant times herein, the aforementioned Foreign Business Corporation, Kleinfeld Bridal Corp., is, upon information and belief, the same entity as Kleinfeld Bridal Corp., registered in the state of Delaware, Department of State Identification number 3557898, also with its principal place of business located at 110 West 20th Street, New York, New York 10011.

27.     At all relevant times herein, KBC Holding LLC, New York Department of State Identification number 2396252, is a Domestic Business Corporation registered in New York with its principal place of business located at 110 West 20th Street, New York, New York 10011. KBC Holding LLC provides services throughout this District and nationwide. The aforementioned entities, all having the same or similar corporate names, and with their principal place of business located at 110 West 20th Street, New York, New York 10011, are throughout this complaint to be referred to as Kleinfeld, the employer of Plaintiff Korolyshyn.

28.     Throughout the relevant period, Kleinfeld was Plaintiff's "employer" as defined by the FLSA 29 U.S.C. § 203(d) and under N.Y. Lab. Law § 190(3).

29.     Additionally, upon information and belief, Kleinfeld's qualifying annual gross volume of sales made or business done exceeds $500,000, as it provides paid-for services as a high-end, world-renowned wedding dress maker.

30.     As such, Kleinfeld is subjected to the FLSA's overtime requirements as an enterprise.

31.     Kleinfeld also receives payments directly from customers, and also operates a network of services, that transverse state lines, the combination of which subjects the Defendant to the FLSA's overtime requirements as an enterprise.

32.     As such, this independently subjects Kleinfeld to the overtime requirements of the FLSA.

33.     At all relevant times, Kleinfeld maintained control, oversight, and direction over Plaintiff and similarly situated employees, including timekeeping, payroll, and other employment practices that applied to them.

<u>COLLECTIVE ACTION ALLEGATIONS</u>

34.     Korolyshyn seeks to bring this suit, on behalf of herself and all similarly situated persons who work or have worked for Kleinfeld anywhere in the United States, to recover from Defendant full payment of all unpaid overtime wages, liquidated damages, and other damages pursuant to the applicable provisions of the FLSA, 29 U.S.C. § 216(b), on her own behalf as well as those in the following collective (hereinafter "FLSA Collective"):

> All individuals who currently work, or have worked, for Defendant, Kleinfeld, as hourly, paid alterations employees, during the applicable statute of limitation, and who worked in excess of forty (40) hours per week without receiving all overtime compensation owed for such work.

35.     Plaintiff is a member of the Collective she seeks to represent because she was classified as non-exempt and employed on an hourly basis during the relevant period, and was routinely required, suffered or permitted to work in excess of forty (40) hours each workweek and was not paid the required one and one-half times their respective regular rates of pay for all overtime hours worked per workweek.

36.    The Defendant treated Plaintiff and the FLSA Collective similarly in that Plaintiff and the FLSA Collective had the following in common:

a.    performed similar tasks as seamstresses who sewed alterations to wedding dresses according to specifications given to them by fitters and alterations managers;

b.    includes hemming and bustling according to specifications given to them by fitters and alterations managers;

c.    were subject to the same laws and regulations;

d.    were paid in the same or similar manner as hourly paid employees;

e.    were all classified as nonexempt;

f.    were required to work in excess of forty (40) hours each workweek;

g.    and were not paid the required one and one-half times their respective regular rates of pay for all overtime hours worked per workweek; and,

h.    Defendants maintained clock-in and clock-out computer records, pay stubs, and other data showing that Plaintiff and Collective Members worked more than forty (40) hours per week without being paid the required one and one-half times their respective regular rates of pay for all overtime hours worked per workweek.

37.    At all relevant times, Kleinfeld is and has been aware of the requirement to pay Korolyshyn and the FLSA Collective at an amount equal to the minimum hourly required rate of pay per hour for all hours worked, as well as the rate of one and one-half times their respective rates of pay for all hours worked each workweek above forty (40), yet they purposefully chose not to do so.

38.    Thus, the FLSA Collective are victims of Kleinfeld's pervasive practice of willfully refusing to pay their employees overtime compensation for all overtime hours worked per workweek.

39.    Plaintiff estimates that the Collective, including both current and former employees over the relevant period, will include at least one hundred (100) members. The precise number of Collective Members should be readily available from Defendants' personnel, scheduling, time records, and from input receive from the Collective Members as part of the notice and "opt-in" process provided by 29 U.S.C. § 216(b). Given the composition and size of the Collective, its members may be informed of the pendency of this action directly *via* U.S. mail and *via* electronic mail.

40.    Kleinfeld's unlawful conduct has been widespread, repeated, and consistent.

## RULE 23 & NYLL CLASS ALLEGATIONS

41.    In addition, Plaintiff seeks to maintain this action as a class action pursuant to Federal Rule of Civil Procedure ("FRCP") 23(b)(3), on her own behalf, as well as on behalf of those who are similarly-situated who, during the applicable statutory period, the Defendant subjected to violations of the NYLL, and the NYCRR (hereinafter "New York Class").

42.    The Rule 23 Class that Plaintiff seeks to define includes:

All individuals who currently work, or have worked, for Defendant, Kleinfeld, as hourly, paid seamstress employees, during the applicable statute of limitation, and who worked in excess of forty (40) hours per week without receiving all overtime compensation owed for such work.

### Numerosity

43.    During the previous six (6) years, Defendant has, in total, employed at least forty (40) employees that are putative members of this class.

44.    The persons in the New York Class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is not known to the New York Plaintiff, the facts on which the calculation of that number can be based are presently within the sole control of the Defendant.

<u>Common Questions of Law and/or Fact</u>

45.    There are common questions of law and fact that govern the claims that are available to each and every member of the New York Class, including but not limited to the following: the duties that the Defendant required and require each of the New York Class to perform; whether the Defendant required and require each member of the New York Class to work in excess of forty (40) hours per week; whether the Defendant compensated the New York Class members at the legally-mandated rate of one and one-half times their respective straight-time rates of pay for hours worked per week over forty (40) or at the legally-prescribed minimum wage rate for each hour worked; whether the Defendant kept and maintained records with respect to each hour worked by the members of the New York Class; whether the Defendant kept and maintained records with respect to the compensation that they paid to the members of the New York Class; whether the Defendant maintains any affirmative defenses with respect to the members of the New York Class; whether the Defendant's actions with respect to the members of the New York Class were in violation of the NYLL and supporting regulations; if so, whether the Defendant's violations were in willful violation of the NYLL and supporting regulations; and if so, what constitutes the proper measure of damages.

46.    Defendant acted or refused to act on grounds generally applicable to the New York Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the New York Class as a whole.

Typicality of Claims and/or Defenses

47.     Plaintiff Korolyshyn's claims are typical of the claims of the New York Class she seeks to represent. Plaintiff Korolyshyn and the New York Class Members worked for Defendant in New York and have been subjected to their policy and pattern or practice of failing to pay all overtime wages due for hours worked in excess of forty (40) hours per week. Defendant acted and refused to act on grounds generally applicable to the New York Class, thereby making declaratory relief with respect to the New York Class appropriate.

48.     Plaintiff's claims are typical of the claims of the members of the New York Class whom she seeks to represent, as Plaintiff and the members of the New York Class enjoy the same statutory rights under the NYLL to be paid their full straight-time rate for all hours worked up to forty (40), and one and one-half times their straight-time rates for all hours worked per week in excess of forty (40), and to be furnished with accurate wage statements on each payday.

49.     Plaintiff and the members of the New York Class have all sustained similar types of damages as a result of Defendant's failure to comply with the NYLL and supporting regulations. Plaintiff and the members of the New York Class have all suffered injury including lack of compensation or under-compensation due to Defendant's common policies, practices, and patterns of conduct.  Thus, Plaintiff's claims and/or the Defendant's defenses to those claims are typical of the members of the New York Class claims and the Defendant's defenses to those claims.

Adequacy

50.     Plaintiff, as described below, worked the same or similar hours as the members of the New York Class throughout her employment with Defendant. The Defendant did not pay Plaintiff overtime pay for all her hours worked over forty (40) each week, which is substantially-similar to how the Defendant paid the New York Class Plaintiffs. Plaintiff is no longer employed

with the Defendant, and thus has no fear of retribution for her testimony. Plaintiff fully anticipates testifying under oath as to all of the matters raised in this Complaint and that will be raised in the Defendant's Answer. Thus, Plaintiff would properly and adequately represent the current and former employees whom the Defendant has subjected to the treatment alleged herein.

51.     Plaintiff has no, or few, material facts relating to the members of the New York Class that are atypical of those of the putative class.  Indeed, at all relevant times herein, Defendant treated Plaintiff identically, or at the very least, substantially similarly, to the New York Class Plaintiffs.

<u>Superiority</u>

52.     A class action is superior to other available methods for the fair and efficient adjudication of this litigation, particularly in the context of wage litigation like the present action, where an individual plaintiff may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant. The New York Class Members have been damaged and are entitled to recovery as a result of Defendant's common and uniform policies, practices, and procedures. Although the relative damages suffered by individual members of the   New York Class are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that might result in consistent judgments about Defendant's practices.

53.     Any lawsuit brought by a non-managerial employee of the Defendant would be identical to a suit brought by any other employee for the same violations. Thus, separate litigation would risk inconsistent results.

54.     Plaintiff will fairly and adequately represent and protect the interests of the New York Class Plaintiffs. Plaintiff understands that, as a class representative, one assumes a fiduciary responsibility to the New York Class to represent its interests fairly and adequately.  Plaintiff recognizes that as a class representative, one must represent and consider the interests of the New York Class Plaintiffs just as one would represent and consider one's own interests.  Plaintiff understands that in decisions regarding the conduct of the litigation and its possible settlement, one must not favor one's own interests over those of the New York Class Plaintiffs.  Plaintiff recognizes that any resolution of a class action lawsuit, including any settlement or dismissal thereof, must be in the best interests of the New York Class Plaintiffs.  Plaintiff understands that in order to provide adequate representation, one must remain informed of developments in the litigation, cooperate with class counsel by providing them with information and any relevant documentary material in one's possession, and testify, if required, in a deposition and in trial.

55.     Accordingly, this means of protecting New York Class Plaintiffs' rights is superior to any other method, and this method is properly maintainable as a Class Action under FRCP 23(b)(3).

56.     Additionally, Plaintiff's counsel has substantial experience in this field of law.

<u>BACKGROUND FACTS</u>

57.     Korolyshyn was employed with Kleinfeld from in or around May 2016 until in or around November 2018.

58.     Kleinfeld is an enterprise that provides, among other services, design, tailoring, and alterations of wedding dresses.

59.     All of the work that Plaintiff, the FLSA Collective, and the New York Class Members (hereinafter referred to together as "Class/Collective Members") performed was

assigned by Kleinfeld and/or Kleinfeld has been aware of all of the work that Plaintiff and the Class/Collective Members have performed.

60.     From approximately in or around May 2016 and continuing until her departure in or around November 2018, Korolyshyn was required to work hours in excess of forty (40) hours per week, and was not paid the required one and half times her straight pay for all hours worked in excess of forty (40) hours per week.

61.     An example of Kleinfeld's failure to pay Korolyshyn the lawful overtime rate occurs for the pay period covering June 1, 2016 to June 15, 2016, when Korolyshyn worked 115.25 hours in a biweekly pay period. Korolyshyn should have been compensated at an overtime rate of one and half times her straight time rate of pay for *at least* 35.25 hours of overtime pay, and 80 hours of straight time pay. Instead, she was only compensated for 19.25 hours of overtime pay and 96 hours of straight time pay.

62.     Another example of Kleinfeld's failure to pay Korolyshyn the lawful overtime rate occurs for the pay period covering February 1, 2018 to February 15, 2018, when Korolyshyn worked 90.50 hours in a biweekly pay period. Korolyshyn should have been compensated at an overtime rate of one and half times her straight time rate of pay for *at least* 10.50 hours of overtime pay, and 80 hours of straight time pay. Instead, she was only compensated for 0.00 hours of overtime pay and 90.50 hours of straight time pay.

63.     Another example of Kleinfeld's failure to pay Korolyshyn the lawful overtime rate occurs for the pay period covering March 1, 2018 to March 15, 2018, when Korolyshyn worked 90.75 hours in a biweekly pay period. Korolyshyn should have been compensated at an overtime rate of one and half times her straight time rate of pay for *at least* 10.75 hours of overtime pay,

and 80 hours of straight time pay. Instead, she was only compensated for 0.25 hours of overtime pay and 90.50 hours of straight time pay.

64.     Another example of Kleinfeld's failure to pay Korolyshyn the lawful overtime rate occurs for the pay period covering May 1, 2018 to May 15, 2018, when Korolyshyn worked 123.50 hours in a biweekly pay period. Korolyshyn should have been compensated at an overtime rate of one and half times her straight time rate of pay for *at least* 43.50 hours of overtime pay, and 80 hours of straight time pay. Instead, she was only compensated for 33.25 hours of overtime pay and 90.25 hours of straight time pay.

65.     The Defendant treated all Class/Collective Members the same or similar as Plaintiff with respect to the hours that the Defendant required them to work and the rates and methods of payment that the Defendant paid to them.

<u>FIRST CAUSE OF ACTION AGAINST KLEINFELD</u>
*Unpaid Overtime under the FLSA*
*(On Behalf of Plaintiff Korolyshyn and the FLSA Collective)*

66.     Each of the preceding paragraphs is incorporated by reference as though fully set forth herein.

67.     Defendant is an "enterprise" as defined by the FLSA, 29 U.S.C. § 203(r)(1), and is engaged in commerce, or in the production of goods for commerce, within the meaning of the FLSA 29 U.S.C. § 203(s)(1)(A).

68.     As described above, Defendant is an employer within the meaning of the FLSA, while Korolyshyn and the Collective Members are employees within the meaning of the FLSA.

69.     Plaintiff and the Collective Members are similarly situated individuals within the meaning of the FLSA, 29 U.S.C. § 216(b) and related case law.

70.    Under 29 U.S.C. § 207(a) employers are required compensate their employees at a rate not less than one and one-half times their straight rate of pay for any hours worked exceeding forty (40) in a workweek.

71.    Throughout the relevant period, Plaintiffs and Collective Members were classified as "non-exempt" from the FLSA's overtime requirements and paid an hourly rate of pay.

72.    Throughout the relevant period, Defendant violated the FLSA by engaging in a common scheme requiring, suffering or permitting Plaintiff and the Collective Members to work more than forty (40) hours per week without compensating them at a rate of one and one-half times their straight pay for all hours worked exceeding forty (40) in a workweek.

73.    Plaintiff and the Collective Members have been harmed as a direct and proximate result of Defendant's unlawful conduct because they have been deprived of overtime wages owed for time worked in excess of forty (40) hours per week from which Defendant derived a direct and substantial benefit.

74.    Defendant's violation of the FLSA, as described in this Collective Action, have been willful and intentional.

75.    Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies claims made under this cause of action, pursuant to 29 U.S.C. § 255.

76.    Korolyshyn and the Collective Members are also entitled to liquidated damages, attorneys' fees, and costs for Defendant's violations of the FLSA's overtime provisions.

<u>SECOND CAUSE OF ACTION</u>
*Violation of the NYLL*
*(Brought on Behalf of Plaintiff Korolyshyn and the New York Class Members)*

77.    Each of the preceding paragraphs is incorporated by reference as though fully set forth herein.

78.    Defendant engaged in a widespread pattern, policy, and practice of violating the NYLL.

79.    Defendant' violations of the NYLL have been willful and intentional.

80.    NYLL §160 and the executing provisions of 12 NYCRR §142-2.2 require employers to compensate their employees at a rate not less than one and one-half times their regular rate of pay for any hours worked exceeding forty (40) in a workweek.

81.    As described above, at all times relevant, Defendant is and has been an employer within the meaning of the NYLL, while Korolyshyn and the New York Class Members are employees within the meaning of the NYLL.

82.    Defendant suffered or permitted Korolyshyn and the New York Class Members to work in excess of forty (40) hours.

83.    Korolyshyn and the New York Class Members are entitled to overtime pay for all hours worked per week in excess of forty (40) at one and one-half times her regular rate of pay.

84.    Defendant failed to compensate the New York Class Members in accordance with the NYLL's and NYCRR's overtime provisions.

85.    Defendant's actions were in willful violation of the NYLL and NYCRR.

86.    Korolyshyn and the New York Class Members are entitled to recover form Defendant unpaid overtime, interest, attorneys' fees, and costs for Defendant's violation of the NYLL's and NYCRR's overtime provisions.

### THIRD CAUSE OF ACTION AGAINST KLEINFELD
*Failure to Furnish Proper Wage Statements in Violation of the NYLL*
*On Behalf of Plaintiff Korolyshyn and the New York Class Members*

87.    Each of the preceding paragraphs is incorporated by reference as though fully set forth herein.

88.     N.Y. Lab. Law §195(3) requires that employers furnish employees with wage statements containing accurate, specifically enumerated criteria on each occasion when the employer pays wages to the employee.

89.     As described above, Kleinfeld willfully failed to furnish Korolyshyn and the New York Class Members on each payday with accurate wage statements containing the criteria required under the NYLL.

90.     Pursuant to N.Y. Lab. Law § 198(1-d), Defendant is liable to Korolyshyn and the New York Class in the amount of $250.00 for each failure of this sort, but not to exceed a total of five thousand dollars ($5,000.00), together with costs and reasonable attorneys' fees. Besides the statutory penalties, Kleinfeld is also liable to Korolyshyn and all others similarly situated for liquidated damages, attorneys' fees, and costs.

<u>FOURTH CAUSE OF ACTION AGAINST KLEINFELD</u>
*Failure to Furnish Wage Notices in Violation of the NYLL*
*On Behalf of Plaintiff Korolyshyn and the New York Class*

91.     Each of the proceeding paragraphs is incorporated as though fully set forth herein.

92.     N.Y. Lab. Law §195(1)(a) requires that employers furnish employees with a wage notice at the time of hire.

93.     As described above, Kleinfeld willfully failed to furnish Korolyshyn and the New York Class Members with a wage notice containing the accurate criteria enumerated under the NYLL.

94.     Pursuant to N.Y. Lab. Law §198(1-b), Kleinfeld is liable to Korolyshyn and the New York Class Members in the amount of fifty ($50) dollars for each work week that the violations occurred or continue to occur, but not to exceed a total of five thousand dollars ($5,000.00), together with costs and reasonable attorneys' fees. Besides the statutory penalties,

Kleinfeld is also liable to Korolyshyn and all others similarly situated for liquidated damages, attorneys' fees, and costs.

## FIFTH CAUSE OF ACTION AGAINST KLEINFELD
*Failure to Pay Spread of Hours Pay under N.Y. Lab. Law*

95.    Each of the preceding paragraphs is incorporated by reference as though fully set forth herein.

96.    Under 12 NYCRR §142-2.4, employers are required to pay one hour's pay at the basic minimum hourly wage rate, for any day in which the spread of hours exceeds ten (10) hours.

97.    Under 12 NYCRR §142-2.18 spread of hours is defined as the interval between the beginning and end of an employee's workday. The spread of hours for any day includes working time plus time off for meals plus intervals off duty.

98.    Korolyshyn frequently worked shifts where the interval between the beginning and end of her workday was more than ten (10) hours, and therefore for many of her shifts her spread of hours exceeded ten (10) hours.

99.    Kleinfeld did not pay the additional required one (1) hour of pay at the basic minimum hourly wage rate for all shifts in which Korolyshyn worked shifts where her spread of hours exceeded ten (10) hours.

100.    As such, Kleinfeld is liable to Korolyshyn and the New York Class for one (1) hour of pay at the basic minimum hourly wage for all shifts in which the New York Class members worked shifts where the spread off hours exceeded ten (10) hours.

101.    For Kleinfeld's failures, they are liable to Korolyshyn and all others similarly situated for liquidated damages, attorneys' fees, and costs.

## SIXTH CAUSE OF ACTION AGAINST KLEINFELD

*Failure to Pay Wages in Violation of the NYLL*
*On Behalf of Plaintiff Korolyshyn and the New York Class*

102.    Each of the preceding paragraphs is incorporated by reference as though fully set forth herein.

103.    NYLL §§ 190, 191, and 663(1) require that employers pay wages to their employees in accordance with the agreed terms of employment.

104.    Kleinfeld failed to compensate Korolyshyn and all others similarly situated at their regular rate of pay for each hour that they worked in accordance with their terms of employment.

105.    Kleinfeld's actions were in willful violation of the NYLL.

106.    Korolyshyn and all others similarly situated are entitled to recover, at their regular rate of pay, for all hours that they worked for Kleinfeld but for which Kleinfeld did not compensate them.

107.    Korolyshyn and all others similarly situated are also entitled to liquidated damages, interest, attorneys' fees, and costs for Kleinfeld's failure to pay wages in accordance with the agreed terms of employment.

## DEMAND FOR A JURY TRIAL

108.    Pursuant to Federal Rule of Civil Procedure 38(b), Korolyshyn and the Class/Collective Members demand a trial by jury in this action.

## PRAYER FOR RELIEF

WHEREFORE, Korolyshyn and the Class/Collective Members demand judgment against Kleinfeld as follows:

A.    A judgment declaring that the practices complained of herein are unlawful and in willful violation of the aforementioned United States and New York State laws;

19

B.      Preliminary and permanent injunctions against Defendants and their officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

C.      An order restraining Kleinfeld from any retaliation against Korolyshyn and the Class/Collective Members, or any witnesses produced in support thereof, for participation in any form in this litigation;

D.      All damages that Korolyshyn and the Class/Collective Members have sustained as a result of Kleinfeld's conduct, including all unpaid wages and any short fall between wages paid and those due under the law that Korolyshyn and the Class/Collective Members would have received but for Kleinfeld's unlawful payment practices;

E.      Liquidated damages and any other statutory penalties as recoverable under the FLSA and NYLL;

F.      Costs and disbursements incurred in connection with this action, including reasonable attorneys' fees, expert witness fees, other costs;

G.      Pre-judgment and post-judgment interest, as provided by law; and,

H.      Any further relief as this Court finds necessary and proper.

Dated: March 25, 2019                    Respectfully submitted,

_____
Nicholas A. Devyatkin, Esq.
TULLY RINCKEY PLLC
777 Third Avenue, 22nd Floor
New York, NY 10017
T: (646) 201-9100
F: (646) 705-0049
ndevyatkin@tullylegal.com
Bar Roll No.: ND5191

Michael W. Macomber, Esq.
Partner
Tully Rinckey PLLC
441 New Karner Rd.
Albany, NY 12205
MMacomber@tullylegal.com
Bar Roll No.: MM8700